UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:06-CV-1663-G |
| CCC USA CORP. f/k/a CSRC USA ) | |
| CORPORATION, INC., ET AL., ) | **ECF** |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the agreed motion to stay consideration of one issue raised in Federal Insurance Company's ("Federal" or "the plaintiff") motion for summary judgment, to extend defendants' response date to Federal's motion for summary judgment, and to continue Federal's expedited motion to quash and for protective order. For the reasons stated herein, the motion is granted in part and denied in part.

## I. BACKGROUND

This is an insurance coverage dispute. Federal seeks a declaratory judgment that it has no duty to defend or indemnify the defendants CCC USA Corporation f/k/a CSRC USA Corporation, Inc., Continental Carbon Company, Inc. China Synthetic Rubber Corporation, Kim K.T. Pan, Todd Miller, Mark D. Johnson, and Bryce Parker (collectively, "the defendants"). The defendants, in their counter-claim, seek a declaration that Federal has a duty to defend the underlying litigation.

On July 19, 2007, the defendants filed a motion for partial summary judgment. The plaintiff filed its cross-motion for summary judgment on July 24, 2007. The plaintiff's motion for summary judgment raised one issue which was not raised in the defendants' motion for partial summary judgment -- whether the defendants failed to comply with the notice requirements of the insurance policy. On August 3, 2007, the defendants' noticed the deposition of Federal's corporate designee and requested various documents; an additional deposition was noticed on August 9, 2007. The defendants contend that this discovery is necessary to respond to the "notice" argument included in the plaintiff's motion for summary judgment. The defendant's filed a motion to quash and for protective order on August 9, 2007. The court referred that motion to Magistrate Judge William F. Sanderson, Jr.

The parties are in agreement that no further discovery is necessary for the court to resolve the cross-motions for summary judgment as they relate to the issue of policy coverage.

## II. ANALYSIS

The parties move for the following relief: (1) an order staying the court's consideration of the plaintiff's motion for summary judgment as it relates to the plaintiff's "notice" argument; (2) an order extending the deadline for the defendants to respond to the remaining coverage issues in the plaintiff's motion for summary judgment to Thursday, August 16, 2007; (3) an order continuing the plaintiff's motion to quash and for protective order until the court rules on the coverage issues in the cross-motions for summary judgment; and (4) an order granting leave to the plaintiff to "revive" its "notice" argument included in its motion for summary judgment should the court rule in favor of the defendants on the coverage issues. The parties estimate that the additional discovery requested by the defendants will take ninety days to complete.

This complicated form of relief requested by the parties amounts to little more than an effort to circumvent Local Rule of Civil Procedure 56.2, which reads "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." While the parties are correct that the relief requested may conserve their own resources (*i.e.*, the time and money necessary

to resolve the discovery dispute and to complete the discovery), few, if any, judicial resources would be conserved, and the potential for further depleting those resources is high.

Though the trial for this case is not scheduled until the four-week docket beginning March 2008, the current relief sought may unduly restrict the court's ability to resolve the plaintiff's motion for summary judgment and may force the court to unnecessarily alter the trial setting. When the amount of time is considered for this court to resolve the cross-motions for summary judgment, for Judge Sanderson to resolve the parties discovery dispute, for the parties to complete the discovery requested, for the defendants to file their response to the "notice" argument, for the plaintiff to file their reply to the defendants' response, and for the court to resolve a second motion for summary judgment, there is a high potential that the trial setting may be affected. This court would also be required to expend scarce resources to decide two separate motions for summary judgment. Furthermore, granting the relief requested provides no guarantee that any resources, whether of the court or of the parties, will be saved.

### III.  CONCLUSION

Accordingly, the motion to stay consideration of the plaintiff's "notice" argument is **DENIED**. The motion to extend the deadline for the defendants to respond to the plaintiff's motion for summary judgment is **GRANTED**. The

defendants shall file electronically by **Thursday, August 16, 2007**, its response to the motion for summary judgment.* Finally, the motion to continue the motion to quash and for protective order is **DENIED**.

    **SO ORDERED**.

August 15, 2007.

                                                _____
                                                A. JOE FISH
                                                CHIEF JUDGE

---

    * Should the defendants persist in their opinion that discovery is necessary to respond to the plaintiff's "notice" argument, the defendants shall file electronically a motion pursuant to FED. R. CIV. P. 56(f) requesting a continuance of the motion for summary judgment.